UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————————————— X

**RAJIV SHAH GOSAIN,**

                             Plaintiff,

              -against-

**REPUBLIC OF INDIA, MINISTRY OF CORPORATE
AFFAIRS OF THE REPUBLIC OF INDIA, and
OFFICE OF THE OFFICIAL LIQUIDATOR OF THE
MINISTRY OF CORPORATE AFFAIRS OF THE
REPUBLIC OF INDIA**

                             Defendants.

——————————————————————————————————— X

**CASE NO:**

**SUMMONS**

**DATE FILED:**

**TO THE ABOVE NAMED DEFENDANTS:**

     **YOU ARE HEREBY SUMMONED** to answer the Complaint in the above entitled
action and to serve a copy of your Answer, or if a Complaint is not served with this Summons, to
serve a Notice of Appearance, on the Plaintiff's Attorney within twenty (20) days of the service
of this Summons, exclusive of the day of services, or within thirty (30) days after the service is
complete if the summons is not personally delivered to you within the State of New York; and in
case of your failure to appear or Answer, Judgment will be entered against you by default for the
relief demanded in the Complaint.

The basis Venue: The Southern District of New York is the proper Venue for this action pursuant
to 28 U.S.C. § 1391(f)(1) because a substantial part of the events or omissions giving rise to this
claim occurred in this judicial district.

Date:  August 10, 2018

                                    Yours, etc.,

                                     ELIAS N. SAKALIS, ESQ. (0241)
                                     SAKALIS & ASSOCIATES
                                     430 West 259th Street
                                     Riverdale, New York 10471
                                     Sakalislaw@aol.com
                                     800-395-4072

TO:    **OFFICE OF THE OFFICIAL LIQUIDATOR**

c/o Sh. D. Bandopadhyay
B-2 Wing, 2nd floor
Paryavaran Bhawan, CGO complex
New Delhi, India 110003

And,

Shri S.P. Kumar, ROC cum Official Liquidator
Nainital (functional at Kanpur)
10/499 B, Allenganj,
Khanlasi Line
Kanpur, Uttar Pradesh
India 208002

**MINISTRY OF CORPORATE AFFAIRS, GOVERNMENT OF INDIA**

c/o Minister of State
Shri P. P. Chaudhary
Room No 437, "C" Wing,
Shastri Bhawan, Rajendra Prasad Road,
New Delhi, India 110001

**REPUBLIC OF INDIA**

Republic of India
Ministry of External Affairs, Government of India
c/o Ms. Sushma SWARAJ, Minister
South Block, Cabinet Secretariat, Raisina Hill
New Delhi, India 110 011

And;

Embassy of the Republic of India
2107 Massachusetts Avenue, NW
Washington, DC USA  20008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

**RAJIV SHAH GOSAIN,**

Plaintiff,

-against-

**REPUBLIC OF INDIA, MINISTRY OF CORPORATE
AFFAIRS OF THE REPUBLIC OF INDIA, and
OFFICE OF THE OFFICIAL LIQUIDATOR OF THE
MINISTRY OF CORPORATE AFFAIRS OF THE
REPUBLIC OF INDIA**

Defendants.
_____X

**CASE NO:**

**COMPLAINT**

**DATE FILED:**

Plaintiff Rajiv Shah Gosain ("Plaintiff" or "Gosain"), by his attorneys, SAKALIS &

ASSOCIATES, as and for his Complaint against the Defendants Republic of India ("ROI"), the

Ministry of Corporate Affairs of the Republic of India (the "MCA"), and the Office of the

Official Liquidator of The Ministry of Corporate Affairs of the Republic of India (the "OL")

(collectively, "Defendants") hereby states and alleges as follows:

**INTRODUCTION**

1.      This is an action to recover for injuries as a result of a flawed and fraudulent

auction conducted under and by Defendants.  As part of what was to be the orderly liquidation of

an Indian company, TechInvest India Private Ltd. ("TechInvest"), Defendants conducted or

exercised control over an auction of the TechInvest assets. Plaintiff, as the majority shareholder

of TechInvest, was to receive the balance of the proceeds of the auction, after certain small

creditors' claims were paid, which have thereafter been largely paid personally by the Plaintiff.

However, the auction was tainted with fraud and other material irregularities, insofar as the

Official Liquidator, an official of the OL, conspired with a third party to deliberately rig the

1

auction so that the TechInvest assets would be sold at an artificially low price to the third party. As a result, Plaintiff herein was denied his just benefit from the auction. Since that time, the purloined assets have grown exponentially in value, while the Indian Supreme Court itself has expressly determined that the auction was illegal, and therefore void. Said order of the Indian Supreme Court had become final. Now Plaintiff seeks to recover the value of the stolen assets insofar as these beneficially belong to him as on this date.

## THE PARTIES

2. At all times relevant herein, Plaintiff Rajiv Shah Gosain, a United States citizen, is and was a resident of the State of New Jersey and the majority shareholder of TechInvest.

3. On information and belief, at all times relevant herein, the Defendant Republic of India was a foreign state.

4. On information and belief, at all relevant times Defendant, Ministry of Corporate Affairs of The Republic of India, was a department of the ROI responsible for the administration of India's Companies Act 2013 and otherwise for regulating the Indian corporate sector, and therefore a political subdivision, agency, or instrumentality of a foreign state over which foreign state exercised plenary control.

5. On information and belief, at all relevant times, Defendant, Office of the Official Liquidator of the Ministry of Corporate Affairs of the Republic of India, was an administrative division of the MCA. Also, on information and belief, Official Liquidators are high-ranking officials of the MCA, who are appointed and directed by the MCA, pursuant to the Indian Companies Act (1956 and thereafter as amended in 2013), to oversee the winding up of Indian corporations, and therefore the Office of the Official Liquidator is a political subdivision, agency, or instrumentality of a foreign state over which the foreign state exercises plenary

control.

## JURISDICTION

6.     This Court has original jurisdiction under 28 U.S.C. § 1330(a) in that Defendants include a foreign state and political subdivisions, agencies, or instrumentalities of a foreign state. This Court has personal jurisdiction over Defendant Government of India pursuant to 28 U.S.C. § 1330(b), which provides that personal jurisdiction exists over a foreign state in an action in which it is not entitled to sovereign immunity under 28 U.S.C. §§ 1605-07, where service has been made under 28 U.S.C. § 1608. Pursuant to 28 U.S.C. § 1603(a), a foreign state includes a political subdivision or an agency or instrumentality of a foreign state. Defendants are not entitled to sovereign immunity pursuant to 28 U.S.C. § 1605(a) because they waived their immunity either explicitly or by implication. Service of process upon the Defendants will be effected pursuant to the applicable provisions of 28 U.S.C. § 1608.

## VENUE

7.     The Southern District of New York is the proper Venue for this action pursuant to 28 U.S.C. § 1391(f)(1) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. The Plaintiff hereby demands a Jury Trial of all issues raised in this Complaint under Rule 38(b)(1) of the Federal Rules of Civil Procedure.

## BACKGROUND

8.     TechInvest is an Indian company that was in the business of manufacturing industrial unclad laminates used in high voltage applications. The company owned a factory in Hardwar, Uttar Pradesh State, India. Plaintiff at all relevant times had at least a 74% ownership interest in TechInvest.

9.      In 1999, an Indian company called Assam Power & Electricals Ltd., (now renamed as SMC Global Securities Ltd.) which was a minor creditor of TechInvest, filed a winding-up petition against it under the Indian Companies Act (1956). The Company judge assigned to the matter appointed an Official Liquidator to oversee the winding-up process. The Official Liquidator is a high ranking official of the OL. On information and belief, as a result of this appointment, the assets of TechInvest were taken over by the Official Liquidator, who was expressly tasked with ascertaining the minimum sale value of the assets in anticipation of an auction.

10.     Notably, to induce Plaintiff, who is a Non-Resident Indian (NRI) and an American citizen, to participate in the liquidation proceeding and entrust the disposition of TechInvest's assets to him, given the de-minimus debts of TechInvest as compared to its assets, the OL expressly agreed that any dispute between Plaintiff and OL regarding the auction "will be settled in American Court only." The OL further agreed that it will "waive all rights to immunity that [it] may have." A copy of the OL's agreement is attached as Exhibit A.

11.     On August 11, 2003, the Official Liquidator filed an application to sell the assets at an auction, which auction ultimately would be held on September 29, 2003.

12.     The auction went forward on September 29, 2003. A company called Texplas India Pvt. Ltd. ("Texplas") purchased all of the assets of TechInvest for merely 4.55 million Indian Rupees – approximately $86,000. This, despite the fact that the petitioning creditor had a placed a *minimum* sale value on the assets of $1.6 million, which had been formally taken on record by the OL and the Company Court already.

13.     On information and belief, the Official Liquidator conspired with Texplas to insure 1) that Texplas would be the winning bidder at the auction; and 2) that the price obtained

4

at auction would be a fraction of than the minimum accepted market value of the assets.

14.     In fact, it is evident from the circumstances surrounding the auction that it had been rigged by the Defendants to ensure that Texplas was the winning bidder and that the winning bid was a mere fraction of the minimum value of the assets. On information and belief, Texplas paid the 10% deposit required in the precise amount required *before* the auction was even commenced, thus making it clear that Texplas and Defendants had already rigged the amount of the winning bid prior the auction.

15.     Plaintiff challenged the results of the auction, seeking to have it overturned, and a new auction conducted. Plaintiff pointed to a number of procedural improprieties with the entire liquidation process. These included the fact that the OL had failed to inform the presiding Company Judge of the minimum previously accepted sale value of the assets, thereby allowing the OL to secure permission for a valuation that was far lower than legally permissible. In addition, the notice of the auction did not even mention a reserve price or many other pertinent details and was not widely disseminated, thus preventing most possible bidders from participating. Plaintiff's challenge wound its way through the labyrinthine Indian court system for close to two decades. During this time the assets remained in the physical possession and control of Texplas, while increasing exponentially in value.

16.     Plaintiff's legal challenges in India culminated in a final judgment issued on August 11, 2015. In the judgment, a copy of which is attached as Exhibit B, the Indian Supreme Court, the highest Court of the Republic of India, held that the auction had been irreparably tainted by illegality and irregularity, and that thus "the entire process is vitiated." The Court therefore directed that Techinvest's assets be recovered by the Official Liquidator forthwith, and that a fresh auction be held in accordance with law. Specifically, the Court held that:

"We, therefore, allow these appeals and set aside the judgment and order passed by the company judge and also the order passed by the High Court in appeal. Consequently, the Official Liquidator is directed to forthwith recover the possession of the Properties and proceed with a fresh auction after obtaining a fresh valuation report and fixing the reserve bid. Needless to say, that all further actions should be taken in accordance with the procedure established by law."

17.     Despite the Supreme Court's express determination that the auction had been fraudulent and was vitiated thereby, and its express directive that the assets be recovered forthwith and re-auctioned, the Defendants have not recovered these assets, or conducted a new auction. On the contrary, the OL has stated that it is unable to do so as most of the assets have in the interim, been dissipated, stolen or embezzled.

## AS AND FOR A FIRST CLAIM
(Fraud)

18.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if set forth at length herein.

19.     Plaintiff suffered devastating financial ruin owing to the fraudulent conduct of the Defendants. Upon information and belief, Defendants stage-managed the auction of TechInvest's assets, which resulted in a successful fraudulent bid being issued on September 23, 2003 by Texplas. Consequently, Texplas was the successful bidder at the auction of TechInvest's assets that resulted in severe financial damages to the Plaintiff as majority shareholder of the said corporation, whose debts were a pittance in comparison to the value of its assets handed over by the Plaintiff to the OL.

20.     Defendants, directly and through their agents, represented to Plaintiff that a legitimate, fair and procedurally proper auction of the TechInvest assets would be conducted, thereby realizing fair market value of the assets, which would enable Plaintiff to recover the value of his ownership interest in TechInvest, which was worth a very substantial sum.

6

21.     Defendants' representations to Plaintiff about the auction were deliberately false. As set forth above, the auction was not legitimate, lawful, fair, or procedurally proper. Instead, it was tainted by illegality and irregularity and purposively rigged to insure that Texplas acquired the TechInvest assets at an artificially low price, insofar as it may readily be surmised that the Official Liquidator received a substantial bribe for his efforts.

22.     Plaintiff reasonably relied on Defendants' representations about the proposed propriety of the auction process.

23.     As a result of the fraudulent conduct of Defendants, Plaintiff has suffered substantial damages, in an amount to be determined at trial that is no less than $29,000,000.

## AS AND FOR A SECOND CLAIM
(Fraudulent Concealment)

24.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if set forth at length herein.

25.     Defendants took possession of the TechInvest assets for purposes of conducting the auction. As such, thereafter the Defendants had a fiduciary relationship with Plaintiff, and by virtue of their position in conducting the auction, superior knowledge regarding the relevant facts. As a result, Defendants had an obligation to disclose any material information regarding the parties dealings.

26.     Despite their obligations, Defendants failed to disclose to Plaintiff that the auction was rigged by them in favor of Texplas, instead fraudulently concealing this information from Plaintiff.

27.     As a result of Defendants' fraudulent failure to disclose material information to Plaintiff, he has suffered substantial damages, in an amount to be determined at trial that is no

7

less than $29,000,000.

## AS AND FOR A THIRD CLAIM
(Declaratory Judgment)

28.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if set forth at length herein.

29.     Despite the final Judgment of the Indian Supreme Court, Defendants have failed to recover forthwith and re-auction the assets and have explicitly refused to comply with the Court Order on one pretext or the other. Defendants' refusal to physically recover and re-auction the assets frustrates the Plaintiff's opportunity to be compensated for the damages expressly caused by the Defendants illegal conduct.

30.     Therefore, Plaintiff is entitled to a Declaratory Judgment Compelling the Defendant Government of India to comply with the Judgment of the Indian Supreme Court, physically recover the assets of TechInvest forthwith, and schedule a new auction to include the value of all of the assets originally handed over by the Plaintiff to the OL, or, alternatively that Plaintiff is entitled to receive damages corresponding to the current market value of those assets.

## AS AND FOR A FOURTH CLAIM
(Constructive Trust)

31.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if set forth at length herein.

32.     Defendants took possession of the assets of TechInvest and were tasked with selling those assets at fair market value and allowing Plaintiff to receive the proceeds thereof after the de-minimus creditor's claims were satisfied, insofar as the Petitioning Creditor was owed approximately $12,000 only, whereas the auction assets were worth at least $1.6 million.

8

Moreover, pursuant to the Supreme Court's order, Defendants have once again been given the sole responsibility for the lawful disposition of those assets and for making certain that Plaintiff receives that monetary benefit to which he is entitled to from them, especially as the Plaintiff has paid off most of the pending creditor claims on behalf of Techinvest over the past 20 years personally and out of his own pocket, whereas the OL has paid nothing to anyone.

33.     In view of the above, Defendants stand in a position of trust toward Plaintiff. Defendants have failed to live up to this position of trust. Therefore, the Court should impose a constructive trust on the auctioned assets, for the benefit of the Plaintiff. Plaintiff is also entitled to an accounting of the auctioned assets.

## AS AND FOR A FIFTH CLAIM
(Unjust Enrichment)

34.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if set forth at length herein.

35.     Pursuant to the Court's Order, the results of the auction have been vitiated, and Defendants have been given the right – and the directive – to recover possession of the assets forthwith and re-auction them in accordance with law.

36.     Despite having constructive possession of these assets, Defendants have failed to turn over any of the assets, or their value to Plaintiff, claiming instead that all of the plant and machinery has been dissipated or embezzled.

37.     As a result of the foregoing, Defendants and Texplas have been unjustly enriched at Plaintiff's expense.

## NOTICE OF FOREIGN LAW

38.     Notice is hereby given, pursuant to FRCP 44.1, that Plaintiff intends to raise issues regarding the laws of the Republic of India in this cause.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendant as Follows:

A.  On the Plaintiff's First Claim in an amount to be determined at trial that is no less than Twenty-Nine Million ($29,000,000.00) Dollars plus interest, together with Punitive Damages;

B.  On the Plaintiff's Second Claim, in an amount to be determined at trial that is no less than Twenty-Nine Million ($29,000,000.00) Dollars plus interest from August 11, 2015 together with Punitive Damages;

C.  On Plaintiff's Third Claim, a Declaratory Judgment directing Defendants to physically recover and re-auction all of the assets originally handed over by the Plaintiff to the Official Liquidator forthwith, or to pay the current market value of those assets subject to proof, to the Plaintiff;

D.  On the Fourth Claim, imposition of a constructive trust on the auctioned assets, and;

E.  On the Fifth Claim, a determination that Defendants have been unjustly enriched at Plaintiff's expense in an amount that is no less than Twenty-Nine Million ($29,000,000.00) Dollars; and

F.  An Award of Reasonable Attorney's Fees in This Action; and

G.  Whatever other relief the Court deems just, proper and equitable.

Dated:    Scarsdale, New York
          August 9, 2018

ELIAS N. SAKALIS, ESQ. (0241)
SAKALIS & ASSOCIATES
430 West 259th Street
Riverdale, New York 10471
Sakalislaw@aol.com
(800) 395-4072

**EXHIBIT A**

भारत सरकार

विधि न्याय एवं कम्पनी कार्य मंत्रालय
कम्पनी कार्य विभाग
कार्यालय शासकीय समापक
उच्च न्यायालय इलाहाबाद
33, ताशकंद मार्ग, इलाहाबाद—२११००१
दूरभाष :— ६२४५४३

क्रमांक / No. OL|TIL |198

GOVERNMENT OF INDIA

Ministry of Law Justice and Compny Affairs
Depart of Company Affairs
Office of the official liquidator
High Court Allahabad
33, Tashkand Marg, Allahabad- 211001
Phone : 624943

दिनांक / Dated

23rd June 2001

Shri Rajiv Gosain
Ex. Managing Director
Techinvest (I) Pvt. Ltd(in Liqn)
Apartment No. 5D, 10, hagwan Dass Road,
New Delhi-110001.

Re:   In the matter of M/s Techinvest India (P) Ltd
      (in liquidation), TIEL, Industrial Estate,
      Ranipur, Hardwar.

Sir,

In reference to your letter dated May 23, 2001 issued in
response to our letter dated 15 May 2001 reference TIL/
10/588, please note that as already intimated steps re-
garding disposal of assets of the above company are already
in process with valuation for worth Rs.6.25 crores(approx.)

While we assure you that disposal of assets will be conducted
under due intimation to you at every stage, so that best price
for the said assets is gotten, we have noted that the liabilit
of the said company as per the statement of affairs accepted
by this office on 7 March 2001, based on the 31 March 2009
audited balance sheet schedule H is only approx. Rs 52 lacs,
there is every chance that significant amount will be

.... .2

payable to share holder/you after satisfaction of all creditor dues in the winding up proceedings. The winding up procedure has been discussed in detail with your representative, Shri D.D.Chaturvedi.

While there may be no occasion for your to allege that the assets were disposed for less than the best value as above in the future, in the event of any dispute, you are an NRI and American citizen, we hereby agree that any disputes between you and this office, will be settled in American Courts only, so that as you have conveyed, you are not required to visit India for follow up. If you have any complaint, please write a letter from USA and we will respond to it to allay any misunderstanding.

Your local advocate has requested that since we already agree to settle any disputes that may arise between you and this office in the future in American Courts only, that we waive all rights to immunity that we may have, and we confirm that we have no objection to this.

Yours faithfully,

(S.K.Gupta)
Superintendent
Office of the Official
Liquidator UP, Allahabad.

8083

2 5 APR 2016
CHAMBER OF INDIAN TRADE & INDUSTRY
DELHI

DINESH Kr. SINGH
Exec. Secretary/
Chamber of Indian Trade and Industry
DELHI

DELHI (I.STAS)

1 5 JUN 2012



भारत सरकार GOVERNMENT OF INDIA

अपोस्टिल / APOSTILLE

(Convention de La Haye du 5 octobre 1961)

Country: INDIA

This public document of the type

COMMERCIAL DOCUMENT

is issued to     TECHINVEST INDIA (P) LTD.

has been signed by     EXEC. SECRETARY

with the seal / stamp of     CHAMBER OF INDIAN TRADE & INDUSTRY, DELHI

### Certified by

Section Officer(OI) MINISTRY OF EXTERNAL AFFAIRS

on  25-Apr-2016   at  NEW DELHI, INDIA

with reference no.   DLND0013382016

(PUSHPA RANJAN)
Signature अधिकारी (आर ओ)
सी रंजन  अनुभाग Division
Ministry of External Affairs
New Delhi

The Ministry of External Affairs accepts no responsibility for the contents of the above documents

EXHIBIT B

IN THE SUPREME COURT OF INDIA
CIVIL APPELLATE JURISDICTION

**CIVIL APPEAL Nos. 6055-6056 OF 2015**
(Arising out of SLP (Civil) Nos. 27113-27114 of 2013)

M/s. Tech Invest India (Pvt.) Ltd.
Thr. Major Shareholder Rajiv Gosain .....Appellant

versus

M/s. Assam Power & Electricals Ltd.
and others ..Respondents

**JUDGMENT**

**M. Y. EQBAL, J.**

Leave granted.

2. These appeals by special leave are directed against the judgments dated 25.09.2012 and 16.07.2012 of the High Court of Uttarakhand at Nainital, which dismissed the appeal and review application filed by the appellant company challenging the order confirming the sale and handing over the assets of the appellant-company to the respondent.

3. The facts of the case lie in a narrow compass. The respondent no. 1 had sent a statutory notice under Section

434 of the Companies Act, 1956 and filed a winding up petition against the appellant-company alleging that the appellant-company had taken a loan of Rs. 6 lakhs from respondent no. 1 on 23rd March, 1999 and promised to repay it within 30 days with 18% interest. The appellant-company was alleged to have, however, initiated measures to shut down its operations and sell its assets and issued closure notices in May, 1999 without repaying the dues to the respondent.

4. The Company Judge appointed an Official Liquidator on 14.10.1999 and the possession of the assets of the appellant-company was taken over by the Official Liquidator who was also granted permission to assess the valuation in terms of order dated 23.02.2000. The Official Liquidator filed an application for selling the assets of the appellant-company through a public auction and it was allowed on 11.08.2003. The public auction was to be held on 29.09.2003.

5. The appellant-company filed an application to stay the auction on the ground that its assets worth Rs. 7 crores were going to be auctioned without fixing the minimum reserve price and after issuing the auction sale notice only once. The appellant accordingly expressed apprehension about the highest price being secured. The Company Judge disposed of the application vide order dated 26.09.2003 refusing to interfere with the auction and directed the appellant-company to raise the aforesaid objections at the time of confirmation of sale.

6. In the auction, respondent no. 3 purchased the assets of the appellant-company for Rs. 45.55 lakhs and deposited 10% of the consideration. Vide order dated 28.05.2004, respondent no. 3 was directed to deposit the remaining amount after it was noted that the counsel for the major shareholders in the appellant-company had no objection. Noting that respondent no. 3 had deposited the said amount as directed, the sale in favour of respondent no. 3 was confirmed and

possession of the assets of the company was directed to be given vide order dated 30.06.2004.

7. Rajiv Gosain, a shareholder in the appellant-company, filed an application for rejecting the auction sale and for re-auction. It was alleged that respondent no. 1 and the Official Liquidator had appointed S. K. Ahuja & Associates who had inspected the assets of the appellant-company and valued the assets to be worth Rs. 6.25 crores. The same was said to have been communicated to the petitioner vide letter dated 15.05.2000 and it was in turn said to have been communicated by the appellant-company to the Official Liquidator vide letter dated 26.06.2003. The Official Liquidator was, however, alleged to have not informed the High Court of the valuation by S. K. Ahuja and Associates and consequently secured permission for valuation on 23.02.2000 pursuant to which the Official Liquidator was alleged to have illegally and with mala fide intention appointed an ineligible valuer, Mr. S. B. Bhargava, to value

the assets of the appellant-company. Mr. S. B. Bhargava was alleged to have drastically and illegally reduced the value of the assets of the appellant-company to Rs. 76.80 lakhs and his report was submitted to the High Court by the Official Liquidator. The same was alleged to have led to the issuance of an erroneous auction notice which did not mention minimum reserve price and many other vital details and which notice only came to the knowledge of a very limited number of individuals. The auction was further challenged on the ground of procedural irregularity.

8. One Advocate Mr. Sharad Sharma appeared before the High Court on 13.04.2004 claiming to represent the shareholders of the appellant-company and the matter was listed for filing of objections by him and on 30.04.2004 one last opportunity was given to him for filing of objections.

9. On 28.05.2004, the High Court, after noting that the counsel representing the shareholders of the appellant-company had no objections, directed respondent no. 3 to deposit the remaining amount. On 30.06.2004, the

High Court confirmed the sale in favour of respondent no. 3 and the assets of the appellant-company were directed to be given to respondent no. 3.

10.    The appellant-company filed an appeal to the Division Bench of the High Court contending that its assets were worth much more than the price at which it was sold and that its objections were not considered at the time of confirmation of sale. The Division Bench dismissed the appeal vide judgment dated 16.07.2012 on the ground that the counsel for the appellant-company had not made any objections at the time the sale was confirmed.

11. The appellant-company filed a review application alleging that the counsel who claimed to be representing the appellant-company before the Company Judge on 28th May, 2004 was not engaged by them and hence there was an error on the face of judgment dated 16.07.2012 which had made recorded the same. The High Court, however, held that such a statement in the judgment dated 16.07.2012 was a mere repetition of what was stated in the order dated

28.05.2004 of the Company Judge and hence an error, if any, was in the order dated 28.05.2004 which was appealed against by the appellant-company. The High Court held that the appeal filed by the appellant-company was dismissed mainly because the sale was confirmed in favour of respondent no. 3, possession handed over and encumbrances created, before any steps were taken by the appellant-company. The High Court accordingly dismissed the review application vide judgment dated 25.09.2012.

12. Hence, the present appeals.

13. We have heard learned counsel for the parties. We have also perused the entire facts of the case and the order passed by the High Court.

14. Prima facie, it appears that the objections raised by the appellant were not properly considered inasmuch as the objections were not heard on merit and the auction sale was confirmed. Shri Sharad Sharma, Advocate, had made the aforesaid statement before the Company Court on 28.5.2004, however, he had never been engaged either by

7

Mr. Rajiv Gosain or by any person authorized by him. Therefore, making statement by the Advocate that he has no instruction or waiving the disposal of objection on merit, was without any basis which ought to have been considered by the High Court.

15. Be that as it may, the conduct of the Official Liquidator in selling the property at a price of Rs. 45.45 lakhs without proper publicity through advertisement or fixing any reserve price for the assets cannot be sustained in law, particularly, when the predecessor Official Liquidator reported that the property put in auction is of much higher valuation.

16. Having considered the illegality and irregularity committed in the auction sale of the property, the entire process is vitiated. Further we are of the view that the Company Judge also failed to exercise its judicial discretion to see that the properties are sold at a reasonable price.

17. Apart from that, when the valuation report was submitted before the Company Judge, it ought to have been disclosed the secured creditors and other interested persons

8

in order to ascertain the market value of the property before property was auction sold. Since the same has not been done, the auction sale and the order confirming the sale are liable to be set aside.

18. We, therefore, allow these appeals and set aside the judgment and order passed by the Company Judge and also the order passed by the High Court in appeal. Consequently the Official Liquidator is directed to forthwith recover the possession of the properties and proceed with a fresh auction after obtaining the fresh valuation report and fixing the reserve bid. Needless to say that all further actions shall be taken in accordance with the procedure established by law.

..................................J.
**(M.Y. Eqbal)**

..................................J.
**(Arun Mishra)**

New Delhi
August 11, 2015

(For Judgment)

S U P R E M E   C O U R T   O F   I N D I A
RECORD OF PROCEEDINGS

Civil Appeal Nos. 6055-6056 of 2015 @ Petition(s) for
Special Leave to Appeal (C)  No(s).  27113-27114/2013

M/S TECH INVEST INDIA PVT. LTD. THROUGH MAJOR
SHAREHOLDER RAJIV GOSAIN                        Petitioner(s)

VERSUS

ASSAM POWER AND ELECTRICALS LTD & ORS.          Respondent(s)

Date : 11/08/2015 These petitions were called on for
pronouncement of judgment today.

For Petitioner(s)

                    Mrs. Priya Puri,Adv.
                    Mr. Ranjay Kr. Dubey, Adv.

For Respondent(s)

                    Mr. M. T. George,Adv.

                    Mr. Ravindra Kumar,Adv.

                    Mr. Subhash Chandra Jain,Adv.

                    Mr. M. C. Dhingra,Adv.

                    Mr. Rajinder Mathur,Adv.

                    Mr. Subhash Chandra Jain,Adv.

        Hon'ble Mr. Justice M.Y. Eqbal pronounced the
judgment of the Bench comprising His Lordship and Hon'ble
Mr. Justice Arun Mishra.

        Leave granted.

        The appeals are allowed in terms of the signed
reportable judgment.

    [INDU POKHRIYAL]                [SUKHBIR PAUL KAUR]
     COURT MASTER                    A.R.-CUM-P.S.
    (Signed reportable judgment is placed on the file)

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

**RAJIV SHAH GOSAIN,**

                                    **CASE NO:**

                       Plaintiff,

          -against-

**UNION OF INDIA, MINISTRY OF CORPORATE
AFFAIRS OF THE UNION OF INDIA, and
OFFICE OF THE OFFICIAL LIQUIDATOR,
UNION OF INDIA**

                            Defendants.
_____X

## COMPLAINT

----------------------------------------------------------------------------------------------------

Pursuant to 22 NYCRR 130-1.1-a, the undersigned attorney hereby certifies under the penalties of perjury and as an officer of the court that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this document or the contentions thereof are not frivolous.

Dated:       Bronx, New York
              August 9, 2018

               By:

                     ELIAS SAKALIS, ESQ.
                     SAKALIS & ASSOCIATES
                     ATTORNEY FOR PLAINTIFF
                     430 WEST 259TH STREET
                     BRONX, NEW YORK 10471
                     (800) 395-4072