UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAJIV SHAH GOSAIN,

    *Plaintiff*,

v.

REPUBLIC OF INDIA *et al.*,

    *Defendants*.

Civil Action No. 18-2427 (TJK)

## ORDER

Rajiv Shah Gosain, appearing *pro se*, filed this suit in the Southern District of New York in August 2018—almost a year and a half ago—against the Republic of India and related defendants. The case was transferred to this Court in October 2018. But it cannot move forward until Gosain addresses at least two threshold deficiencies.

First, Gosain's complaint violates Local Rule 5.1(c)(1) because it does not identify his "full residence address," and, if he intends to continue *pro se*, his telephone number. "Failure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant." LCvR 5.1(c)(1); LCvR 11.1. The Court notes that the complaint identifies the name and address of Gosain's purported attorney Elias N. Sakalis. ECF No. 1 at 1. However, Mr. Sakalis is not permitted to appear in the District of Columbia, and the Court denied without prejudice his Motion for Leave to Appear *Pro Hac Vice*. *See* Minute Order of July 10, 2019. For that reason, at least at this point, Gosain appears *pro se*.

Second, Gosain has failed to file proof of service with the Court pursuant to Federal Rule of Civil Procedure 4(l). Almost one year ago, the Court ordered Gosain to either file proof of service or a status report apprising the Court of his attempts to serve Defendants pursuant to the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1608. *See* Minute Order of December

17, 2018.  Gosain responded the following month that he tried to serve Defendants pursuant to 28 U.S.C. § 1608(a)(3) by requesting that the Clerk of the Southern District of New York mail the necessary service documents to Defendants.  *See* ECF No. 19.  However, he conceded that ultimately "service [was] not . . . made upon Defendants."  *Id.* at 3.  Gosain then made the same request of the Clerk of this Court.  *See* ECF No. 20.  Plaintiff has not filed proof of service or explained any effort to serve Defendants since this request to the Clerk's Office almost a year ago.

Although Rule 4(m)'s 90-day time limit for service of process does not apply to the FSIA, 28 U.S.C. § 1608, *see* Fed. R. Civ. P. 4(j)(1), and "there is no statutory deadline for service under the [FSIA]," *Barot v. Embassy of the Republic of Zambia*, 785 F.3d 26, 29 (D.C. Cir. 2015), dismissal for failure to prosecute due to a delay in service is appropriate when "there is a lengthy period of inactivity."  *Id.* (quoting *Angellino v. Royal Family Al–Saud,* 688 F.3d 771, 775 (D.C. Cir. 2012)).

Accordingly, it is hereby ORDERED that, no later than January 6, 2020, Gosain shall (1) amend his complaint to comply with Local Rule 5.1(c)(1); and (2) either file proof of service with the Court or a status report apprising the Court of his efforts to serve Defendants, consistent with 28 U.S.C. § 1608(a) and the law of this Circuit.  *See Hardy Expl. & Prod. (India), Inc. v. Gov't of India*, 219 F. Supp. 3d 50 (D.D.C. 2016).  Failure to do so may warrant dismissal of the action for "failure to prosecute or otherwise comply with a court order.'"  *Angellino*, 688 F.3d at 775 (quoting *Peterson v. Archstone Cmties. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (citing LCvR 83.23)).

It is FURTHER ORDERED that Attorney Elias N. Sakalis, to whom this order will be mailed, shall provide a copy to Gosain.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 3, 2019