UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAJIV SHAH GOSAIN,<br>2227 US Hwy 1, Apt. 147<br>N. Brunswick, NJ 08902<br>Individually and as assignee<br>and in the name of<br>TECHINVEST INDIA PRIVATE LTD,<br>    *Plaintiff*<br><br>        v.<br><br><br>THE REPUBLIC OF INDIA,<br>THE MINISTRY OF CORPORATE<br>AFFAIRS,<br>THE MINISTRY OF LAW AND JUSTICE<br>and THE OFFICE OF THE<br>OFFICIAL LIQUIDATOR<br>    *Defendants* | Civil Action No. 18-2427(TJK) |

## MOTION FOR DEFAULT JUDGMENT

**COMES NOW**, Plaintiffs, Rajiv Gosain and TechInvest India Private, LLC, asking the Court to render a default judgment against Defendants, The Republic of India, The Ministry of Law and Justice, The Ministry of Corporate Affairs, and The Office of the Official Liquidator, and respectfully shows the Court as follows:

### A. INTRODUCTION

1.      Plaintiffs are Rajiv Gosain and TechInvest India Private Ltd.; Defendants are The Republic of India, The Ministry of Law and Justice, The Ministry of Corporate Affairs, and The Office of the Official Liquidator.

## B. FACTS

2.     TechInvest was a company organized and existing under the laws of the Republic of India. It engaged in the manufacture and sale of industrial laminates for use in high voltage applications.

3.     In 1999, a minor creditor of TechInvest, Assam Power & Electricals, Ltd., filed a winding up petition against TechInvest under Indian law. A winding up petition is essentially the same as an involuntary bankruptcy. The Official Liquidator, an employee of the Ministry of Law, Justice and Company Affairs, which was an agency or instrumentality of the Republic of India, was empowered to determine and realize the fair market value of TechInvest. The Official Liquidator occupies an office equivalent to a trustee in bankruptcy under the laws of the United States. He is an employee and agent of the Indian government and the Republic of India.

4.     The debts of TechInvest were far less than its assets and its fair market value, and it would not have been considered insolvent.

5.     In order to induce Plaintiff, a citizen and resident of the United States, not to contest its appointment and activities in Indian Courts, the Republic of India, acting through its Ministry of Law, Justice, and Company Affairs, and the Official Liquidator, entered into a written agreement with Plaintiff to resolve all disputes arising out of the Official Liquidator's activities in the Courts of the United States, and to waive all rights to immunity it might have before United States Courts. A copy of the agreement is attached to this Complaint as Exhibit A.

6.     Thereafter, the Official Liquidator filed an application in the courts of India to auction the assets of TechInvest. The Official Liquidator was required by law to properly and fairly ascertain the market value of those assets and to sell the assets in a fair and open manner, so as to obtain the fair market value thereof, or as nearly as possible.

7. As found by the Supreme Court of India, the Official Liquidator, instead acted upon fraudulent representations, and illegally and improperly sold TechInvests' assets to a company named TexPlas for a fraction of their market value.

8. Plaintiff, for himself and for TechInvest, challenged the actions of the Official Liquidator and of TexPlas in the courts of India. On August 11, 2015, the Supreme Court of India ruled that the auction had been irretrievably and illegally tainted by fraud and favoritism. The Supreme Court of India "vitiated" the sale, and ordered the Official Liquidator to immediately recover TechInvest's assets. A copy of the Indian Supreme Court's decision is attached as Exhibit B.

9. The Official Liquidator has now taken the position that it is not able to recover TechInvest's assets because they have been dissipated, stolen, or embezzled by TexPlas. *See Declaration of Rajiv Gosain, Exhibit C.*

10. Plaintiffs commenced this action on August 14, 2018.

11. On January 31, 2020, pursuant to this Court's orders, Plaintiffs properly served the Defendants through the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents ("The Hague Convention"), to which both the United States and the Republic of India are signatories, and as required by the Foreign Sovereign Immunities Act, 28 U.S.C. Section 1608(a)(2). *See Affidavits of Gene Burd attached as Exhibits D and E with attachments thereto.*

12. On September 20, 2020, the Clerk of this Court entered default against the Defendants. *See Entry of Default, Exhibit F.*

## C. ARGUMENT AND AUTHORITIES

13. The Court should render a default judgment against Defendants, The Republic of India, The Ministry of Law and Justice, and The Ministry of Corporate Affairs, and The Office of the Official Liquidator, because they were properly served through the Central Authority designated

by the Republic of India, pursuant to the Hague Convention, as prescribed by the Foreign Sovereign Immunities Act, 28 U.S.C. 1608(a)(2). *See Affidavits of Gene Burd attached as Exhibits D and E with attachments thereto.*

14.     Defendants did not file an answer or any other pleading constituting an answer within the prescribed time period.  *See Affidavits of Gene Burd, Exhibits D and E; Entry of Default, Exhibit F.*

15.     Based on Proof of Service, the Affidavit of local counsel, Gene Byrd, attesting to proper service under the Foreign Sovereign Immunities Act, and no answer or any other pleading constituting an answer filed by Defendants within the prescribed time under FRCP 55, the Clerk of the Court for the District of Columbia issued an entry for default. *See Entry of Default, Exhibit F.*

### D. DAMAGES

16.     Plaintiffs should be awarded damages totaling the current book value of TechInvest India Private, LLC, which amounts to $29,150,000.00. *See Declaration of John Dennis-Brown, attached as Exhibit G; Declaration of Rajiv Gosain, attached as Exhibit C.*

17.     An affidavit may be relied upon by the Court to support a finding of damages on an unliquidated claim. See *O'Donnell v. Diaz*, No. 3:17-cv-1922-S (BK) 2109 WL 5104049, (N.D. Tex.- Dallas 2019); *I Love Juice Bar Franchising, LLC. v. ILJB Charlotte Juice, LLC.* No. 3:19-cv-00981 2020 WL 4735031, (M.D. Tenn.- Nashville 2020).

18.     Plaintiffs ask the Court to render a default judgment establishing Defendants, The Republic of India, The Ministry of Law and Justice, and The Ministry of Corporate Affairs, The Office of the Official Liquidator, liability, and, after a hearing, render a final judgment awarding Plaintiffs

actual damages and exemplary damages, plus costs, attorneys' fees, and prejudgment interest. Plaintiffs request that the Court render a default judgment on all upon the filing of this Motion.

### E. PRAYER

19. For these reasons, Plaintiffs Rajiv Gosain and TechInvest India Private, LLC, ask that the Court sign a default judgment on liability, to set a hearing to establish the amount of damages, and after the hearing, sign a default judgment against Defendants, The Republic of India, The Ministry of Law and Justice, and The Ministry of Corporate Affairs, Office of the Official Liquidator, for actual damages and exemplary damages, plus costs, attorneys' fees, and prejudgment interest, and such other further relief Plaintiffs are entitled.

Dated: October 23, 2020                     Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 /s/ Michael D. Sydow
　　　　　　　　　　　　　　　　　　　Michael D. Sydow (Texas Bar No. 19592000)
　　　　　　　　　　　　　　　　　　　The Sydow Firm
　　　　　　　　　　　　　　　　　　　3355 W. Alabama
　　　　　　　　　　　　　　　　　　　Suite 444
　　　　　　　　　　　　　　　　　　　Houston, Texas 77098
　　　　　　　　　　　　　　　　　　　Telephone:	713.622.9700
　　　　　　　　　　　　　　　　　　　Facsimile:	713.552.1949
　　　　　　　　　　　　　　　　　　　michael.sydow@thesydowfirm.com

　　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　　Gene M. Burd (D.C. Bar No. 1004330)
　　　　　　　　　　　　　　　　　　　FisherBroyles, LLP
　　　　　　　　　　　　　　　　　　　1200 G Street NW
　　　　　　　　　　　　　　　　　　　Suite 800
　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　Telephone:	202.750.0529
　　　　　　　　　　　　　　　　　　　gene.burd@firsherbroyles.com

　　　　　　　　　　　　　　　　　　　***Attorneys for Plaintiff***