# EXHIBIT C

## DECLARATION OF RAJIV GOSAIN

My name is Rajiv Gosain. I am over 21 years of age and am competent to make this Declaration. I have personal knowledge of the facts recited herein.

I have a Bachelor's degree in Engineering and a Master's degree in Management from the Stevens Institute of Technology, Hoboken, New Jersey, both of which I earned in 1986.

I am, and at all times material hereto was, the sole shareholder of TechInvest (India) Private Ltd. Prior to 1993, TechInvest was a private company in India in the business of manufacturing insulating materials for the power generation and transmission industry. In 1993, upon the liberalization of the Indian economy that commenced in 1991, at a very significant capital cost, it built a state-of-the-art continuous reel facility to manufacture rigid insulation for the electronics market in consultation with Aktiengesselschaft Isolier und Kunstoff Gmbh ("AIK") and others, which are a part of the Daimler Benz global conglomerate..

In 1999, a minor creditor, Assam Power & Electricals, Ltd., filed a winding up petition against TechInvest under Indian law. In India, a winding up petition is essentially the same as an involuntary bankruptcy. The Court appointed the Official Liquidator to take possession of the assets of TechInvest. The Official Liquidator, who fulfills the same functions as a trustee in bankruptcy, took control of TechInvest's assets. The Official Liquidator is an employee of the government of the Republic of India.

The Official Liquidator sold TechInvest's assets to a company named TexPlas India Pvt. Ltd. for Indian Rupees 45.55 lakhs, or about $105,000.00 in 2003.

I, for myself and, as sole shareholder, on behalf of TechInvest, filed an application in the Indian courts in 2004 to reject the Official Liquidator's sale of the assets. In August 2015, the Supreme Court of India, which is the highest Court of India, determined that the sale by the Official Liquidator was illegal and irregular, vitiated it completely, and directed the Official

1

Liquidator to "recover possession of the properties forthwith". A true and correct copy of the Court's Judgement is attached as Exhibit 1.

Notwithstanding the Judgment of the Supreme Court, the Official Liquidator did not recover the assets, on one pithy pretext or the other, and now, 20 years after these assets owned by me were illegally sold, they would be worthless even if they were recovered, even though the Official Liquidator has stated under oath in India that no assets now exist.

The actual value of the factory plant and equipment illegally sold by the Official Liquidator is $14,253,600.00, The replacement cost of the manufacturing facilities is $3,054,855.00. The start-up commissioning cost for TechInvest to reestablish its manufacturing operations would be $11,004,821.00. The total replacement value of TechInvest's assets was therefore determined to be $29,150,000.00 United States Dollars.

As a result of the illegal actions of the Official Liquidator, TechInvest and I have therefore sustained damages in the amount of $29,150,000.00.

I have personally spoken to the Official Liquidator who, within the last three weeks, has personally acknowledged to me that he and the Ministry of Corporate Affairs (for which he works) had actually received the citation and Complaint in this matter.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED AT JERSEY CITY, NEW JERSEY THIS 12th DAY OF OCTOBER, 2020.**

_(signed)_
Rajiv Gosain

# EXHIBIT 1

**REPORTABLE**

IN THE SUPREME COURT OF INDIA
CIVIL APPELLATE JURISDICTION

**CIVIL APPEAL Nos. 6055-6056 OF 2015**
(Arising out of SLP (Civil) Nos. 27113-27114 of 2013)

M/s. Tech Invest India (Pvt.) Ltd.
Thr. Major Shareholder Rajiv Gosain …..Appellant

versus

M/s. Assam Power & Electricals Ltd.
and others ..Respondents

**JUDGMENT**

**M. Y. EQBAL, J.**

Leave granted.

2. These appeals by special leave are directed against the judgments dated 25.09.2012 and 16.07.2012 of the High Court of Uttarakhand at Nainital, which dismissed the appeal and review application filed by the appellant company challenging the order confirming the sale and handing over the assets of the appellant-company to the respondent.

3. The facts of the case lie in a narrow compass. The respondent no. 1 had sent a statutory notice under Section

1

434 of the Companies Act, 1956 and filed a winding up petition against the appellant-company alleging that the appellant-company had taken a loan of Rs. 6 lakhs from respondent no. 1 on 23rd March, 1999 and promised to repay it within 30 days with 18% interest. The appellant-company was alleged to have, however, initiated measures to shut down its operations and sell its assets and issued closure notices in May, 1999 without repaying the dues to the respondent.

4. The Company Judge appointed an Official Liquidator on 14.10.1999 and the possession of the assets of the appellant-company was taken over by the Official Liquidator who was also granted permission to assess the valuation in terms of order dated 23.02.2000. The Official Liquidator filed an application for selling the assets of the appellant-company through a public auction and it was allowed on 11.08.2003. The public auction was to be held on 29.09.2003.

5. The appellant-company filed an application to stay the auction on the ground that its assets worth Rs. 7 crores were going to be auctioned without fixing the minimum reserve price and after issuing the auction sale notice only once. The appellant accordingly expressed apprehension about the highest price being secured. The Company Judge disposed of the application vide order dated 26.09.2003 refusing to interfere with the auction and directed the appellant-company to raise the aforesaid objections at the time of confirmation of sale.

6. In the auction, respondent no. 3 purchased the assets of the appellant-company for Rs. 45.55 lakhs and deposited 10% of the consideration. Vide order dated 28.05.2004, respondent no. 3 was directed to deposit the remaining amount after it was noted that the counsel for the major shareholders in the appellant-company had no objection. Noting that respondent no. 3 had deposited the said amount as directed, the sale in favour of respondent no. 3 was confirmed and

possession of the assets of the company was directed to be given vide order dated 30.06.2004.

7. Rajiv Gosain, a shareholder in the appellant-company, filed an application for rejecting the auction sale and for re-auction. It was alleged that respondent no. 1 and the Official Liquidator had appointed S. K. Ahuja & Associates who had inspected the assets of the appellant-company and valued the assets to be worth Rs. 6.25 crores. The same was said to have been communicated to the petitioner vide letter dated 15.05.2000 and it was in turn said to have been communicated by the appellant-company to the Official Liquidator vide letter dated 26.06.2003. The Official Liquidator was, however, alleged to have not informed the High Court of the valuation by S. K. Ahuja and Associates and consequently secured permission for valuation on 23.02.2000 pursuant to which the Official Liquidator was alleged to have illegally and with mala fide intention appointed an ineligible valuer, Mr. S. B. Bhargava, to value

the assets of the appellant-company. Mr. S. B. Bhargava was alleged to have drastically and illegally reduced the value of the assets of the appellant-company to Rs. 76.80 lakhs and his report was submitted to the High Court by the Official Liquidator. The same was alleged to have led to the issuance of an erroneous auction notice which did not mention minimum reserve price and many other vital details and which notice only came to the knowledge of a very limited number of individuals. The auction was further challenged on the ground of procedural irregularity.

8. One Advocate Mr. Sharad Sharma appeared before the High Court on 13.04.2004 claiming to represent the shareholders of the appellant-company and the matter was listed for filing of objections by him and on 30.04.2004 one last opportunity was given to him for filing of objections.

9. On 28.05.2004, the High Court, after noting that the counsel representing the shareholders of the appellant-company had no objections, directed respondent no. 3 to deposit the remaining amount. On 30.06.2004, the

High Court confirmed the sale in favour of respondent no. 3 and the assets of the appellant-company were directed to be given to respondent no. 3.

10. The appellant-company filed an appeal to the Division Bench of the High Court contending that its assets were worth much more than the price at which it was sold and that its objections were not considered at the time of confirmation of sale. The Division Bench dismissed the appeal vide judgment dated 16.07.2012 on the ground that the counsel for the appellant-company had not made any objections at the time the sale was confirmed.

11. The appellant-company filed a review application alleging that the counsel who claimed to be representing the appellant-company before the Company Judge on 28th May, 2004 was not engaged by them and hence there was an error on the face of judgment dated 16.07.2012 which had made recorded the same. The High Court, however, held that such a statement in the judgment dated 16.07.2012 was a mere repetition of what was stated in the order dated

28.05.2004 of the Company Judge and hence an error, if any, was in the order dated 28.05.2004 which was appealed against by the appellant-company. The High Court held that the appeal filed by the appellant-company was dismissed mainly because the sale was confirmed in favour of respondent no. 3, possession handed over and encumbrances created, before any steps were taken by the appellant-company. The High Court accordingly dismissed the review application vide judgment dated 25.09.2012.

12. Hence, the present appeals.

13. We have heard learned counsel for the parties. We have also perused the entire facts of the case and the order passed by the High Court.

14. Prima facie, it appears that the objections raised by the appellant were not properly considered inasmuch as the objections were not heard on merit and the auction sale was confirmed. Shri Sharad Sharma, Advocate, had made the aforesaid statement before the Company Court on 28.5.2004, however, he had never been engaged either by

Mr. Rajiv Gosain or by any person authorized by him. Therefore, making statement by the Advocate that he has no instruction or waiving the disposal of objection on merit, was without any basis which ought to have been considered by the High Court.

15. Be that as it may, the conduct of the Official Liquidator in selling the property at a price of Rs. 45.45 lakhs without proper publicity through advertisement or fixing any reserve price for the assets cannot be sustained in law, particularly, when the predecessor Official Liquidator reported that the property put in auction is of much higher valuation.

16. Having considered the illegality and irregularity committed in the auction sale of the property, the entire process is vitiated. Further we are of the view that the Company Judge also failed to exercise its judicial discretion to see that the properties are sold at a reasonable price.

17. Apart from that, when the valuation report was submitted before the Company Judge, it ought to have been disclosed the secured creditors and other interested persons

in order to ascertain the market value of the property before property was auction sold. Since the same has not been done, the auction sale and the order confirming the sale are liable to be set aside.

18. We, therefore, allow these appeals and set aside the judgment and order passed by the Company Judge and also the order passed by the High Court in appeal. Consequently the Official Liquidator is directed to forthwith recover the possession of the properties and proceed with a fresh auction after obtaining the fresh valuation report and fixing the reserve bid. Needless to say that all further actions shall be taken in accordance with the procedure established by law.

……………………………….J.
(M.Y. Eqbal)


……………………………….J.
(Arun Mishra)

New Delhi
August 11, 2015

ITEM NO.1A               COURT NO.10              SECTION X
(For Judgment)

S U P R E M E   C O U R T   O F   I N D I A
RECORD OF PROCEEDINGS

Civil Appeal Nos. 6055-6056 of 2015 @ Petition(s) for Special Leave to Appeal (C)  No(s).  27113-27114/2013

M/S TECH INVEST INDIA PVT. LTD. THROUGH MAJOR
SHAREHOLDER RAJIV GOSAIN                         Petitioner(s)

VERSUS

ASSAM POWER AND ELECTRICALS LTD & ORS.           Respondent(s)

Date : 11/08/2015 These petitions were called on for pronouncement of judgment today.

For Petitioner(s)
        Mrs. Priya Puri,Adv.
        Mr. Ranjay Kr. Dubey, Adv.

For Respondent(s)
        Mr. M. T. George,Adv.

        Mr. Ravindra Kumar,Adv.

        Mr. Subhash Chandra Jain,Adv.

        Mr. M. C. Dhingra,Adv.

        Mr. Rajinder Mathur,Adv.

        Mr. Subhash Chandra Jain,Adv.

    Hon'ble Mr. Justice M.Y. Eqbal pronounced the judgment of the Bench comprising His Lordship and Hon'ble Mr. Justice Arun Mishra.

    Leave granted.

    The appeals are allowed in terms of the signed reportable judgment.


  [INDU POKHRIYAL]                    [SUKHBIR PAUL KAUR]
   COURT MASTER                         A.R.-CUM-P.S.
  (Signed reportable judgment is placed on the file)