## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAJIV SHAH GOSAIN,
Individually and as assignee and in the
name of TECHINVEST INDIA
PRIVATE, LTD,
     *Plaintiff*

v.

THE REPUBLIC OF INDIA, THE MINISTRY
OF LAW AND JUSTICE, and THE MINISTRY OF
CORPORATE AFFAIRS, OFFICE OF THE
OFFICIAL LIQUIDATOR,
     *Defendants*

No. 1:18-cv-02427-TJK

## PLAINTIFF RAJIV SHAH GOSAIN'S TRIAL BRIEF IN SUPPORT OF
## MOTION FOR DEFAULT JUDGMENT AND ENTRY OF FINAL JUDGMENT

Cris D. Feldman
D.C. Bar No. TX0178
cris.feldman@feldman.law
3355 West Alabama St., Suite 1220
Houston, Texas 77098
Telephone: (713) 986-9471
Facsimile: (713) 986-9472

Michael Sydow
Texas Bar No. 19592000 (Pro hac vice)
THE SYDOW FIRM
3355 West Alabama St., Suite 444
Houston, Texas 77098
Telephone: 713.622.9700

*Attorneys for Plaintiff Rajiv Shah Gosain*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ 2

TABLE OF AUTHORITIES ................................................................................................ 3

TRIAL BRIEF IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT AND FINAL JUDGMENT .......................................................................................................... 6

    Statement of the Issues Presented by the Court ...................................................... 6

    Argument and Authorities ......................................................................................... 6

      Issue One – Service on all Defendants is Proper and Permits Entry of Default Judgment ...................................................................................................................... 6

      Issue Two – Plaintiff has standing to bring suit for the claims in the Amended Complaint .................................................................................................. 10

      Issue Three – The Office of the Official Liquidator has actual authority to waive India's sovereign immunity under the FSIA and has done so in this case .......................................... 14

      Conclusion ................................................................................................................. 19

# TABLE OF AUTHORITIES

## Cases

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
106 F.3d 11 (2d Cir. 1997) .................................................................................. 13

*A-J Marine, Inc. v. Corfu Contrs., Inc.*,
810 F. Supp. 2d 168 (D.D.C. 2011) ...................................................................... 18

*APCC Servs. v. AT&T Corp.*,
281 F. Supp. 2d 41 (D.D.C. 2003) ........................................................................ 12

*Burda Media, Inc. v. Blumenberg*,
No. 97-cv-07167, 2004 U.S. Dist. LEXIS 8804 (S.D.N.Y. May 18, 2004).................................... 9

*Capitalkeys, LLC v. Democratic Congo*,
No. 15-cv-2079 (KBJ), 2021 U.S. Dist. LEXIS 103996 (D.D.C. Jun. 3, 2021) ...................... 15, 16

*Daly v. Llanes*,
98 Civ. 1196 (AGS), 1999 U.S. Dist. LEXIS 18399 (S.D.N.Y. Nov. 24, 1999) .............................. 8

*Fox v. Regie Nationale des Usines Renault*,
103 F.R.D. 453 (D. Tenn. 1984) ............................................................................. 9

*GDG Acquisitions LLC v. Gov't of Belize*,
849 F.3d 1299 (11th Cir. 2017) ............................................................................. 17

*Gosain v. Texplas India Priv. Ltd.*,
393 F. Supp. 3d 368 (S.D.N.Y. 2019) ............................................................... 5, 9, 13

*Green Leaves Rest., Inc. v. 617 H St. Assocs.*,
974 A.2d 222 (D.C. 2009) ..................................................................................... 18

*Greene v. Le Dorze*,
No. CA 3-96- CV-590-R, 1998 U.S. Dist. LEXIS 4093 (E. D. Pa. Mar. 24, 1998) ...................... 6

*Hercules & Co., Ltd. v. Shama Restaurant Corp.*,
613 A.2d 916 (D.C. 1992) ..................................................................................... 13

*International Cargo Management Specialists v. EG&G Dynatrend*,
No. 91-1360 (NHJ), 1995 U.S. Dist. LEXIS 9577 (D.D.C. Mar. 31, 1995) .................................. 13

*Kiss Nail Prods. v. Shenzhen Jinri Elec. Appliance Co.*,
CV-18-5625 (PKC) (AYS), 2020 U.S. Dist. LEXIS 131602 (E.D.N.Y. July 23, 2020) ............. 7, 8

*Makins v. District of Columbia*,

    277 F.3d 544, 349 U.S. App. D.C. 303 (D.C. Cir. 2002) .............................................. 15

*Marschhauser v. Travelers Indem. Co.,*

    145 F.R.D. 605 (S.D. Fla 1992) ...................................................................................... 7

*SACE S.p.A. v. Republic of Paraguay*,

    243 F. Supp. 3d 21 (D.D.C. 2017) ................................................................... 5, 14, 17

*Serino v. Lipper*,

    123 A.D.3d 34, 994 N.Y.S.2d 64 (App. Div. 1st Dep't 2014) .................................... 10

*Serv. Emps. Int'l Union Health & Welfare Fund v. N. Am. Cleaning Servs. Co.*,

    264 F. Supp. 3d 1 (D.D.C. 2017) .................................................................................. 11

*Silverman v. Modulgranito Iberico, S.A.,*

    No. CIV. A. 89-0432-OG, 1990 U.S. Dist. LEXIS 5264, 1990 WL 481934
    (D.D.C. Apr. 30, 1990) ................................................................................................... 7

*Titus v. Wallick*,

    306 U.S. 282 (1939) ................................................................................................. 12, 13

*Vermont Agency of Natural Res. v. United States ex rel. Stevens*,

    529 U.S. 765 (2000) ....................................................................................................... 13

*Whelan v. Abell*,

    293 U.S. App. D.C. 267, 953 F.2d 663 (D.C. Cir. 1992) ............................................ 12

**Statutes**

28 U.S.C. § 1603(a) ............................................................................................................... 14

28 U.S.C. § 1605(a)(1) .................................................................................................... 16, 18

28 U.S.C. § 1608 ..................................................................................................................... 5

**Other Authorities**

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial
Matters, 20 U.S.T. 361; T.I.A.S. 6638; 658 U.N.T.S. 163 ............................................... 6

**Rules**

Fed. R. Civ. P. 4(c)(2) ............................................................................................................. 6

Fed. R. Civ. P. 10(c) ................................................................................................................ 7

Fed. R. Civ. P. 17 .................................................................................................................. 12

Fed. R. Civ. P. 55(b)(2) ........................................................................................................... 5

**Treatises**

Restatement (Third) of Agency § 1.03 cmt. c.............................................................................. 15

Restatement (Third) of Agency § 3.03 ........................................................................................ 18

## TRIAL BRIEF IN SUPPORT OF
## MOTION FOR ENTRY OF DEFAULT JUDGMENT AND FINAL JUDGMENT

Plaintiff Rajiv Shah Gosain, individually and as assignee and in the name of Techinvest India Private Ltd., has previously moved for entry of Default Judgment and Entry of Final Judgment against all defendants pursuant to Fed. R. Civ. P.  55(b)(2) and 28 U.S.C. § 1608.  (ECF No. 46).

This Court thereafter entered a minute Order on July 8, 2021 directing Plaintiff  to file a brief addressing three issues of concern to the Court. Plaintiff submits the following as directed by the Court.

### Statement of the Issues Presented by the Court

1. Whether service was proper under the Hague Convention where Plaintiff has not filed a certification of service as required by Article 6 of the Hague Convention on Service.

2. Whether Plaintiff has standing to bring suit where his Complaint does not bring derivative claims, *see Gosain v. Texplas India Priv. Ltd.*, 393 F. Supp. 3d 368 (S.D.N.Y. 2019).

3. Whether a letter from Superintendent, Office of the Official Liquidator constitutes actual authority to waive India's sovereign immunity under the FSIA, *see SACE S.p.A. v. Republic of Paraguay*, 243 F. Supp. 3d 21 (D.D.C. 2017).

### Argument and Authorities

### Issue One – Service on all Defendants is Proper and Permits Entry of Default Judgment

Article 15 of the Hague Convention sets forth certain conditions that must be met before a default judgment can be entered against a defendant served pursuant to the Convention. Relevant to the Court's question, Article 15 states that the Court may enter judgment, "even if no certificate of service or delivery has been received," if the document was transmitted pursuant to the Convention, a period of time not less than six months has elapsed, and no certificate of any kind has

been received, even though every reasonable effort has been made to obtain it through the competent authorities.

1.   Plaintiff made service of process consistent with both the FSIA and the Hague Convention, Articles 2 and 3 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361; T.I.A.S. 6638; 658 U.N.T.S. 163. (*See* ECF no. 33). Service included Plaintiff's First Amended Complaint and the appropriate Hague Convention forms. Plaintiff subsequently filed returns of service related to all defendants with the Court. (ECF No. 36). And one of the attorneys for Plaintiff, Mr. Burd, filed his affidavit in support of the entry of default stating that he had served the Defendants "via UPS pursuant to provisions of 28 U.S.C. Section 1608(a)(2) and Articles 2 and 3 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361; T.I.A.S. 6638; 658 U.N.T.S. 163, on January 31, 2020." (ECF No. 38-4 and its Exhibit 1).

2.   Additionally, Mr. Burd filed an Affidavit of Service testifying to his service on the Central Authority for the Republic of India of the Summons, First Amended Complaint, and Hague Convention Requests for Service Abroad of Extrajudicial Documents on January 31, 2020. (ECF No. 38-5 and its Exhibit 1).[1]

3.   Next, Plaintiff filed a Supplemental Motion for Default Judgment. (ECF No. 39). In that motion, Plaintiff detailed his service on the Central Authority for the Republic of India. Plaintiff also noted that Article 6 of the Hague Service Convention requires that the Central Authority complete

---

[1] Mr. Burd was eligible to serve process under Fed. R. Civ. P. 4(c)(2), and therefore he could properly serve process on the Central Authority for the Republic of India. *See Greene v. Le Dorze*, No. CA 3-96- CV-590-R, 1998 U.S. Dist. LEXIS 4093, at *5-6, (E. D. Pa. Mar. 24, 1998) (discussing service on France's Central Authority by an attorney).

a certificate that the document has been served and send it to the plaintiff. (*See* ECF No. 39 at 9).

Since transmission of the documents, no certificate or response of any kind has been received from

the Central Authority for the Republic of India.

4. But Plaintiff also explained that "the Hague Service Convention authorizes a district court

to enter a default judgment, notwithstanding the absence of an Article 6 certificate provided the

following three conditions are satisfied:

(a) the document was transmitted by one of the methods provided for in this Convention,

(b) a period of time of not less than six months, considered adequate by the judge in the

particular case, has elapsed since the date of the transmission of the document, [and]

(c) no certificate of any kind has been received, even though every reasonable effort has

been made to obtain it through the competent authorities of the State addressed."

(*See* ECF No. 39 at 10-11, citing Hague Service Convention, Article 15, para. 2).[2]

5. "The United States is one of the ten contracting states that has declared that a default

judgment can be entered if the preceding conditions are met." *Marschhauser v. Travelers Indem. Co.,*

145 F.R.D. 605, 608 (S.D. Fla 1992); *see also Silverman v. Modulgranito Iberico, S.A.,* No. CIV. A. 89-

0432-OG, 1990 U.S. Dist. LEXIS 5264, 1990 WL 481934, *2-3 (D.D.C. Apr. 30, 1990).

Accordingly, courts have entered default judgments after application of Article 15 and satisfaction

of the three conditions set out in the article. *See id.; see also  Kiss Nail Prods. v. Shenzhen Jinri Elec.*

*Appliance Co.,* CV-18-5625 (PKC) (AYS), 2020 U.S. Dist. LEXIS 131602 (E.D.N.Y. July 23, 2020).

---

[2] The Court's Minute Order provides that the certain of Plaintiff's filings, including ECF No. 39, were denied as moot. Plaintiff adopts the supplemental filings he previously made (ECF No. 39 and 41) in support of his pending Motion for Default and Entry of Final Judgment and for this briefing. Fed. R. Civ. P. 10(c).

6. In this case, the evidence already submitted to the Court establishes the Plaintiff's method of transmission satisfies the first condition of Article 15. Further, the Court may take judicial notice that a period of 18 months has now elapsed since the transmission of the documents by Plaintiff to the Central Authority for the Republic of India. And Plaintiff's counsel sent the Indian Central Authority a letter requesting an Article 6 certificate and providing a copy of the Report Concerning Status of Service of Process (ECF No. 33) for each Defendant but received no response. (ECF No. 39 at 11 and citing Burd Declaration Exhibit D). Accordingly, under Article 15, paragraph 2, this Court may enter default judgment against Defendants even though Plaintiff has not filed a certification of service as required by Article 6 of the Hague Convention on Service.

7. Recently, a federal court entered default judgment against a Chinese limited liability company after considering the conditions and provisions of Article 15, paragraph 2. In that case, the Magistrate Judge specifically reviewed briefing and discussed cases in which courts examined whether actual notice had been received by an international defendant "despite the fact that Article 15 does not require such notice." *Kiss Nail Prods.*, 2020 U.S. Dist. LEXIS 131602 at *12. In this case, although the Central Authority for the Republic of India has not issued a certificate complying with the form and content proscribed in Article 6 of The Hague Service Convention, there is no evidence it has objected to service or frustrated service on the Defendants. Indeed, the Court has previously received correspondence, more than 90 days ago, from the Government of India demonstrating it has received transmission of the documents and has acknowledged service. This is an additional basis on which the Court should be persuaded to enter default. *See Daly v. Llanes*, 98 Civ. 1196 (AGS), 1999 U.S. Dist. LEXIS 18399, *4 (S.D.N.Y. Nov. 24, 1999) (noting the Hague Service Convention "specifically contemplates that judgment may issue in the event that a signatory state's procedures have failed to provide a certificate of service in a timely manner" and

further observing the court "also is aware that [Defendant] has actual notice of this action").

8. "The failure to comply strictly with the requirements of the Hague Convention is not automatically fatal to effective service. The Hague Convention carefully articulates the procedure which a litigant must follow in order to perfect service abroad, but it does not prescribe the procedure for the forum Court to follow should an element of procedure fail." *Burda Media, Inc. v. Blumenberg,* No. 97-cv-07167, 2004 U.S. Dist. LEXIS 8804, at *17-18 (S.D.N.Y. May 18, 2004), *aff'd sub nom. Burda Media, Inc. v. Viertel,* 417 F.3d 292 (2d Cir. 2005) (citing *Fox v. Regie Nationale des Usines Renault*, 103 F.R.D. 453, 455 (D. Tenn. 1984)). Plaintiff answers the Court's First Issue that the failure to file a certification of service under Article 6 does not preclude entry of judgment.

**Issue Two – Plaintiff has standing to bring suit for the claims in the Amended Complaint**

9. The Court has asked whether Plaintiff has standing to bring suit although his Amended Complaint does not bring derivative claims. Plaintiff here is "Rajiv Shah Gosain, individually and as assignee and in the name of Techinvest India Private Ltd." (ECF No.

10. The litigation the Court has referenced, *Gosain v. Texplas India Priv. Ltd.*, was (at the time of decision) an action by Mr. Gosain in an individual capacity against a different entity. *See* Case No. 09cv04172 (VM) (DF), in the Southern District of New York. Additionally, the specific decision the Court has referenced, 393 F. Supp. 3d 368 (S.D.N.Y. 2019), was a dismissal of claims against Texplas India Private Limited for fraud, unjust enrichment, and a declaratory judgment. In that case, the Magistrate Judge vacated a default judgment against Texplas India Private Limited after concluding Plaintiff Gosain, in only an individual capacity, lacked "standing to assert his currently pleaded claims." The Magistrate Judge noted that the relevant live pleading was Plaintiff's "Amended Complaint, setting forth his purported individual claims against Texplas, including claims for fraud and unjust enrichment, and for a declaratory judgment, all arising out of

the public auction of the Assets of Techinvest and the failure of Texplas to return the Assets for the holding of a new auction." The Magistrate Judge added that "Techinvest is not separately named as a plaintiff in the Amended Complaint."

11. The Magistrate Judge additionally observed that the Final Judgment of the Supreme Court of India from which the claims here arise identified the petitioner in the India action, as "M/S Tech Invest India Pvt. Ltd. Through Major Shareholder Rajiv Gosain."[3]

12. The Magistrate Judge concluded that the court lacked subject matter jurisdiction over the suit because Gosain does not have standing to bring individual claims for injuries to Techinvest, applying New York law. This was both a question of whether the court had received notice of India law and the court's observation that India, like New York, is a common-law jurisdiction and it would assume Indian law is the same as New York law. The Magistrate Judge determined that under New York law, "a stockholder has no individual cause of action against a person or entity that has injured the corporation." *Serino v. Lipper*, 123 A.D.3d 34, 994 N.Y.S.2d 64 (App. Div. 1st Dep't 2014).

13. In contrast, this suit is brought against Defendant The Republic of India, Ministry of Corporate Affairs of the Republic of India and Office of the Official Liquidator of the Ministry of Corporate Affairs. It is brought by Plaintiff both in an individual capacity and as assignee and in the name of Techinvest India Private Ltd. The Amended Complaint alleges that Mr. Gosain "was the

---

[3] The Magistrate Judge described the India Judgment as "on behalf of Techinvest" and cited the case caption identifying petitioner, in the India action, as "M/S Tech Invest India Pvt. Ltd. Through Major Shareholder Rajiv Gosain". The opinion and judgment, however, refer to both the "appellant company" and "Gosain, a shareholder in the appellant-company" as applicants and petitioners. In light of Plaintiff's status as assignee, the procedural distinctions have no bearing on standing or party status in this suit.

---

sole shareholder of TechInvest India Private, Ltd. ('TechInvest') and is the assignee of its claims against the defendants herein." (ECF No. 26 at para. 4). That well-pleaded allegation of the assignment of claims is to be accepted by the Court as true and as admitted after the Clerk of the Court entered a default. *Serv. Emps. Int'l Union Health & Welfare Fund v. N. Am. Cleaning Servs. Co.*, 264 F. Supp. 3d 1, 3 (D.D.C. 2017). The allegations of Plaintiff's capacity and standing as an assignee of the claims of TechInvest India Private, Ltd. is an allegation of liability, not damages, and therefore deemed admitted by Defendants' default.

14. In addition to Defendants having conceded the allegations in the Amended Complaint that Plaintiff is the assignee of the claims of TechInvest India Private, Ltd. against the Defendants, Plaintiff now submits to the Court a declaration providing the supporting evidence of that assignment. The declaration of the appropriate custodian of records of the corporate documents of TechInvest India Private, Ltd. demonstrates that by a resolution dated January 10, 2000, TechInvest (India) Private, Ltd. conveyed to Plaintiff Rajiv Gosain in his individual capacity all of the "right, title and interest in  and as to all causes of action/litigations that could be asserted by the Company against any 3rd parties or entities without limitation, whether in India or abroad, for his own monetary benefit …". The proffered declaration gives evidence that the resolution was passed at a meeting of the Board of Directors of TechInvest India (Pvt) Ltd.; that the meeting was called in accordance with Indian law and with the Bylaws of TechInvest (India) Private Ltd.; that a quorum of directors was present at the meeting; and that resolution was properly executed by the duly elected and qualified directors of TechInvest (India) Private, Ltd. at that time.[4] This additional

---

[4] An unsigned copy of the declaration made pursuant to 28 U.S.C. § 1746 and signed by declarant under penalty of perjury under the laws of the United States of America is attached as Appendix at Tab 1. The signed copy of this document must be returned from India, which has resulted in delay. Upon receipt, the signed copy of the declaration will be filed as part of a

evidence, although not necessary to establish the assignment in light of the deemed admission of the allegation, is submitted to the Court to confirm Plaintiff's right and standing as assignee of TechInvest India Private, Ltd.

15. In *Titus v. Wallick*, 306 U.S. 282, 286 (1939), the Supreme Court ruled that assignments transferring "all right, title and interest" in a claim gave a party the right to bring suit even though a separate agreement between the assignor and that party required that it turn over the proceeds of the claim to the assignor. The Supreme Court explained that "[a]ny form of assignment which purports to assign or transfer a chose in action confers upon the transferee such title or ownership as will enable him to sue upon it. This is true even though the assignment is for the purpose of suit only and the transferee is obligated to account for the proceeds of suit to his assignor." In this case, the assignment is not just for the purpose of suit but specifically for Plaintiff's "own monetary benefit." Therefore, the assignment plainly grants Plaintiff standing and status as the real party in interest within the meaning of Fed. R. Civ. P. 17. *See APCC Servs. v. AT&T Corp.*, 281 F. Supp. 2d 41, 47 (D.D.C. 2003) (citing *Whelan v. Abell*, 293 U.S. App. D.C. 267, 953 F.2d 663, 672 (D.C. Cir. 1992) and holding that "if a valid assignment transfers an interest sufficient to make the assignee a real party in interest, it logically follows that the assignee will then have the 'concrete interest' in the litigation required by the standing doctrine.").

16.  Mr. Gosain as the sole shareholder of TechInvest India Private, Ltd. "and the assignee of its claims against the defendants herein" possesses the right under governing substantive law to bring suit as the real party in interest. Courts permit a party with standing to assign its claims to a third party, who will stand in the place of the injured party and satisfy the requirements of standing

supplemental  record, with leave of Court.

and status as the real party in interest. *See Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000). The owner of the claim does not need to use a particular form of assignment so long as the language manifests an intention to transfer at least title or ownership. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17 (2d Cir. 1997) (citing *Titus v. Wallick*, 306 U.S. at 289). The assignment in this case is sufficient under these holdings.

17. In further answer to the Court's question, it should be noted that the claims included in the Amended Complaint are substantively different than the claims in *Gosain v. Texplas India Priv. Ltd.*, 393 F. Supp. 3d 368 (S.D.N.Y. 2019). Specifically, this complaint includes a fraud claim by Mr. Gosain individually for his reasonable reliance on false statements of fact made to him by the Official Liquidator S.K. Gupta. These false statements included that the Official Liquidator would engage competent persons to establish the fair market value of the assets of TechInvest; would conduct an auction of the property and assets of TechInvest in an impartial and commercially reasonable manner, without favoritism; would coordinate the sale of the assets of TechInvest with him; would properly value the assets of TechInvest; and would distribute significant funds after the sale of TechInvest's assets. (ECF. No. 26 at para. 20(a)-(f)).  These allegations, which are deemed admitted against Defendants, support a claim for direct recovery by Plaintiff in his individual capacity and as assignee and against Defendants. (*See id.* at para. 21 (referencing recovery by Plaintiffs) and at para 22). *See International Cargo Management Specialists v. EG&G Dynatrend*, No. 91-1360 (NHJ), 1995 U.S. Dist. LEXIS 9577, *46 (D.D.C. Mar. 31, 1995) (citing *Hercules & Co., Ltd. v. Shama Restaurant Corp.*, 613 A.2d 916, 923 (D.C. 1992) and reviewing elements of common law fraud under District of Columbia law).

**Issue Three – The Office of the Official Liquidator has actual authority to waive India's sovereign immunity under the FSIA and has done so in this case**

18.  The Court has asked whether the written agreement made with Plaintiff to resolve all disputes arising out of the Official Liquidator's activities in the Courts of the United States and to waive all rights to immunity of the Government of India (ECF No. 26, Exhibit A) was done with actual authority.

19. *SACE S.p.A. v. Republic of Paraguay*, 243 F. Supp. 3d 21 (D.D.C. 2017), cited by the Court, held that actual authority is necessary for an agent to affect a waiver of a foreign state's sovereign immunity under the FSIA, and alternatively that even if the FSIA permits waiver of sovereign immunity by an agent who merely has apparent authority, the plaintiff has not demonstrated such apparent authority. *See id*. at 28.

20. A threshold question is whether Plaintiff contends the Official Liquidator is a mere agent or is in fact a "foreign state" under the FSIA – which is broadly defined to include "a political subdivision of a foreign state or an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). Plaintiff contends the letter of June 23, 2001 signed by the Office of the Liquidator and attested by the Executive Secretary in the Chamber of Indian Trade and Industry on letterhead of

> "Government of India
> Ministry of Law Justice and Company Affairs
> Depart of Company Affairs
> Office of the official liquidator
> High Court Allahabad"

is a waiver by a political subdivision of a foreign state or an agency or instrumentality of a foreign state.

21. Alternatively, if the Official Liquidator within the Ministry of Corporate Affairs was just an agent of the foreign state, Plaintiff would only be required to show this "had the power to affect the legal relations of the principal by acts done in accordance with the principal's manifestations of consent to him." *Makins v. District of Columbia*, 277 F.3d 544, 548, 349 U.S. App. D.C. 303 (D.C.

Cir. 2002). When the principal is an organization, the principal "manifests its assent to be bound by the acts of individuals through the observable connections between the individual and the organization[,]" such as by 'appointing that person to a position defined by the organization.'" *See Capitalkeys, LLC v. Democratic Congo*, No. 15-cv-2079 (KBJ), 2021 U.S. Dist. LEXIS 103996, *29-30 (D.D.C. Jun. 3, 2021) (citing Restatement (Third) of Agency § 1.03 cmt. c). Here, the Ministry of Law Justice and Company Affairs (Department of Legal Affairs), now Ministry of Law and Justice,[5] includes the Legislative Department and the Department of Legal Affairs. Within the Department of Legal Affairs, the Ministry of Corporate Affairs administers the Companies Act 2013, the Companies Act 1956, the Limited Liability Partnership Act, 2008 and  other Acts of India regulating corporations.[6]  The Official Liquidators are officers appointed by the Central Government under Section 448 of the Companies Act, 1956 and are attached to various High Courts.[7] Section 448(1)(a) of the Companies Act refers to the Appointment of Official Liquidator and that there "shall be attached to each High Court, an Official Liquidator appointed by the Central Government, who shall be a whole-time officer, unless the Central Government considers that there will not be sufficient work for a whole-time officer in which case a part-time officer may be appointed."[8] In this case, the Judgment of the India Supreme Court noted that the Company

---

[5] https://lawmin.gov.in/about-us/about-the-ministry (last visited August 6, 2021). The Court make take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. This may include publicly available documents from government websites.

[6] https://www.mca.gov.in/content/mca/global/en/about-us/aboutmca/roles-responsibilities.html (last visited August 6, 2021).

[7] https://www.mca.gov.in/content/mca/global/en/contact-us/official-liquidators.html (last visited August 6, 2021).

[8] https://www.mca.gov.in/Ministry/pdf/Companies_Act_1956_13jun2011.pdf.

---

Judge had appointed the Official Liquidator in connection with a winding up petition filed against TechInvest India Private, Ltd. (ECF No. 26 at para. 11; ECF No. 26-2).

22. Section 457(1)(e) of the Companies Act grants the liquidator the power to do "all such other things as may be necessary for winding up the affairs of the company and distributing its assets." In this case, Plaintiff alleges that in order to induce Plaintiff not to contest its appointment and activities in Indian Courts, the Official Liquidator entered into a written agreement with Plaintiff to resolve all disputes arising out of the Official Liquidator's activities in the courts of the United States and to waive all rights to immunity it might have before United States Courts. (ECF No. 26 at para. 13). This was within the broad powers granted to the liquidator under Section 457(1)(e) of the Companies Act. As such, the Official Liquidator's waiver of sovereign immunity was "made by someone who has, or at the very least appears to have, the authority to act on behalf of the foreign sovereign with respect to such a waiver." *Capitalkeys*, 2021 U.S. Dist. LEXIS 103996 at *32.

23. The Official Liquidator was communicating to Plaintiff in connection with the winding up and disposition of assets, and specifically concerning any claims in the future that the assets subject to liquidation were not disposed of for best value. The Official Liquidator agreed that a dispute over the action of his office would be litigated in United States courts only since Plaintiff is a United States citizen. (ECF No. 26-2). And because the Official Liquidator agreed United States courts were the only valid forum for any claims concerning his office's conduct under the Companies Act, he acknowledged rights to immunity in United States courts were waived. This was at least a waiver of immunity by implication under 28 U.S.C. § 1605(a)(1) since the contract the Official Liquidator made under the authority of his appointment and the Companies Act specifically states that the courts of the United States are to decide their disputes. The Official Liquidator did not lack

authority to make this agreement.

24. Contrast those facts to *SACE S.p.A. v. Republic of Paraguay*, 243 F. Supp. 3d 21 (D.D.C. 2017). In that case, an individual (Gramont) was an officer and majority shareholder of two privately owned Paraguayan companies. He purported to sign commercial documents that would bind the Republic of Paraguay as guaranty.  Gramont was the nephew-in-law of the Paraguayan President. He had also been appointed at one time Paraguay's "Consul" in Switzerland and, much later, "Ambassador on special mission." Although Gramont was later still given powers to sign certain documents, he was thereafter criminally charged by Paraguayan authorities with signing documents that invalidly purported to pay private debts with public credit. The court rejected the argument that Gramont had power to waive immunity, noting his authority was at most under special powers of attorney; equally important, the documents at issue were "plainly part of a self-interested financial transaction that benefitted Gramont personally" and therefore was "sufficient to put those doing business with him on notice that his authority to enter binding financial documents on behalf of Paraguay was questionable. 243 F. Supp. 3d at 42.

25. The Court applies federal law to the question of whether a waiver has been affected by one with the authority to do so. *GDG Acquisitions LLC v. Gov't of Belize*, 849 F.3d 1299, 1307 (11th Cir. 2017).  The Court is interpreting the waiver exception of the FSIA, and in determining whether the Official Liquidator had the authority to waive sovereign immunity, the Court need only look to American principles of agency. *Id.* at 1311. Here, the Official Liquidator was acting with the scope of his office, on matters related to his conduct with the winding up petition, and purporting to address the reasonable desire of Plaintiff, a United States citizen, to litigate exclusively in United States courts. The Official Liquidator's authority to make the agreement was both actual and reasonably apparent under common law agency principles.

26.  Plaintiff in this brief has set out the framework for the scope of powers of the Official Liquidator under Indian law and the Companies Act; but for the purpose of showing that under American common law, the Official Liquidator would have actual authority or apparent authority to enter into the June 23, 2001 letter – including all of its provisions. *See Green Leaves Rest., Inc. v. 617 H St. Assocs.*, 974 A.2d 222, 230 (D.C. 2009)(explaining apparent authority arises when a principal places an agent in a position which causes a third person to reasonably believe the principal had consented to the exercise of authority the agent purports to hold); *A-J Marine, Inc. v. Corfu Contrs., Inc.*, 810 F. Supp. 2d 168, 176-177 (D.D.C. 2011) (citing Restatement (Third) of Agency: Creation of Apparent Authority § 3.03).

27. In answer to the Court's third question, Plaintiff contends the Official Liquidator had actual authority to make the agreement with Plaintiff set out in the June 23, 2001 letter. That actual authority includes the implied waiver of forum and immunity under 28 U.S.C. § 1605(a)(1). Alternatively, Plaintiff contends the FSIA permits waiver of sovereign immunity by an agent who has apparent authority, and that Plaintiff has demonstrated such apparent authority on this record.

**Conclusion**

For the reasons stated in this Trial Brief and the underlying Motion, Plaintiff Rajiv Shah Gosain, individually and as assignee and in the name of Techinvest India Private Ltd., request entry of final judgment in his favor and against Defendant The Republic of India, Ministry of Corporate Affairs of the Republic of India, and Office of the Official Liquidator of the Ministry of Corporate

Affairs.

Dated August 6, 2021                              Respectfully submitted,

                                                  FELDMAN & FELDMAN, P.C.

                                                  */s/ Cris D. Feldman*
                                                  Cris D. Feldman
                                                  D.C. Bar No. TX0178
                                                  *cris.feldman@feldman.law*
                                                  3355 West Alabama St., Suite 1220
                                                  Houston, Texas 77098
                                                  Telephone: (713) 986-9471
                                                  Facsimile:  (713) 986-9472

                                                  *Attorneys for Plaintiff Rajiv Shah Gosain*