UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAJIV SHAH GOSAIN,

    *Plaintiff*,

v.

REPUBLIC OF INDIA et al.,

    *Defendants*.

Civil Action No. 18-2427 (TJK)

## MEMORANDUM ORDER

Six years ago, Plaintiff Rajiv Shah Gosain sued Defendants—the Republic of India and several of its purported instrumentalities—under the Foreign Sovereign Immunities Act, or the FSIA, for fraud they allegedly committed during the liquidation of his company over two decades ago. Defendants never responded, so the Clerk of Court entered default against them. Defendants have now appeared and move to set aside the Clerk's entry of default. The Court will grant Defendants' motion because their default was not willful, Gosain has not shown that he would be prejudiced by the set-aside, and Defendants have identified a meritorious defense.

### I.  Background

In August 2018, Gosain brought this suit in the Southern District of New York. ECF No. 1. That court issued a show-cause order requiring him to explain why venue was proper there. ECF No. 16 at 3. Gosain did not respond, so the case was transferred here. ECF No. 17 at 1, 3; ECF No. 18; *see also* 28 U.S.C. § 1391(f)(4) (establishing venue for suits against foreign states in the District of Columbia). Following transfer, the Court noted that "the docket d[id] not reflect that [Gosain] ha[d] made any attempts to serve Defendants." Minute Order of December 17, 2018. So it ordered Gosain to file either proof of service or a status report about service by January 4,

2019. *Id.* Following various delays, in April 2020, Gosain represented that he had served Defendants on January 31, 2020. ECF No. 33 at 2. In August 2020, he filed an Affidavit in Support of Default, and in September 2020, the Clerk entered default against Defendants. ECF Nos. 34, 37.

Since the entry of default, Gosain has moved three times for default judgment, each time unsuccessfully. *See* ECF Nos. 38, 46, 53, 58; *see also* Minute Order of July 8, 2021, Minute Order of April 5, 2024. Following his last attempt, the Court granted Gosain leave to file a renewed motion by May 20, 2024. Minute Order of April 5, 2024. Three days before that date, Defendants entered an appearance. ECF Nos. 68–70. Upon the parties' joint motion, the Court extended Gosain's deadline but first permitted Defendants to move to set aside the Clerk's entry of default. Minute Order of May 20, 2024. They have done so. ECF No.72.

## II.     Legal Standards

Under Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." That "decision lies within the discretion of the trial court." *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980). In exercising its discretion, the Court should consider "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Id.* These factors are also tempered by the rule that "modern federal procedure favor[s] trial on the merits." *Id.* at 374. This is "especially" true in cases involving a foreign sovereign. *Weinstein v. Islamic Republic of Iran*, 175 F. Supp. 2d 13, 20 (D.D.C. 2001). Thus, in weighing *Keegel*'s factors, "all doubts are resolved in favor of the party seeking relief." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).

## III.    Analysis

The Court finds that all three *Keegel* factors support setting aside the Clerk's entry of default. Thus, it will grant Defendants' motion.

### A.     Defendants' Default Was Not Willful

"The boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003). In support of their set-aside motion, Defendants argue that they were never properly served and point to cases in which courts did not find willfulness under such circumstances. ECF No. 72-1 at 20; *see also Void-El v. O'Brien*, 811 F. Supp. 2d 255, 259 (D.D.C. 2011) ("The default was not willful where Defendants, not having been served, had no duty to respond to the Complaint . . . ."). Gosain's response is two-fold: First, he says that Defendants were properly served. Second, he claims that Defendants had actual notice of this suit, making failure to respond willful. As explained below, Gosain is wrong on the first point, and on the second, he fails to persuade on the record here.

To begin, the record does not show that Defendants were properly served. The Supreme Court has held that the FSIA's service rules "demand[] adherence." *Republic of Sudan v. Harrison*, 587 U.S. 1, 19 (2019). Yet the record here does not reflect that Gosain ever properly served Defendants under 18 U.S.C. § 1608 and the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. Under that Convention, service is generally only proper once a plaintiff sends a request for service to a foreign country's "central authority," the central authority "serve[s] the documents or arrange[s] for their service," and the authority "provide[s] a certificate of service." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 275 (2017). Merely providing a service request to the foreign country's central authority does not itself constitute service. *Saint-Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*, 23 F.4th 1036, 1041–42

3

(D.C. Cir. 2022).  Of course, the Convention does not allow countries to defeat service by merely refusing to issue a certificate.  Relevant here, Article 15(2) of the Convention allows default judgments when a plaintiff has (1) "transmitted [the required documents] by one of the methods provided for in this Convention," (2) waited at least six months, and (3) failed to receive a "certificate of any kind . . . , even though every reasonable effort has been made to obtain it."

Gosain concedes that he has never received a certificate as required by Article 6 of the Convention.  ECF No. 33 at 3; ECF No. 73 at 3.  Yet he maintains that default is still proper since he complied with Article 15(2).  ECF No. 73 at 3–4.  On that score, the record reflects that Gosain met the first two requirements.  But as to the third, Gosain says only that "counsel again requested [a certificate] from the Central Authority to no avail." *Id.* at 4.  The record contains no affidavit or declaration supporting this claim.  Instead, it appears to be lifted from an earlier brief Gosain filed.  *See* ECF No. 48 at 9.  That document simply cites back to one of his motions.  ECF No. 48 at 9 (citing ECF No. 39).  And that motion cites an affidavit filed by Gosain's prior counsel, Attorney Gene M. Burd.  ECF No. 39 at 17 (citing ECF No. 39-4); *see also* ECF No. 34.  But the Burd affidavit only avers that Gosain served Defendants on January 31, 2020.  ECF No. 39-4 at 2.  Nowhere does Burd state that Gosain or his counsel later tried again to obtain a certificate.  *Id.* at 2–3.  And with no evidence that Gosain made "every reasonable effort . . . to obtain" a certificate, the Court cannot conclude that he has complied with Article 15(2) of the Hague Service Convention.  Thus, it cannot find that Defendants were properly served.

That Defendants were not properly served all but ends the inquiry about whether default was willful because Defendants had no duty to respond to the complaint absent service.  Indeed, it is well-settled that "[d]efault cannot be entered where there was insufficient service of process." *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009).  That is so because default is

proper only when a defendant has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). But a party cannot *fail* to plead or defend when its "obligation to plead or otherwise respond ha[s] actually not arisen." *Judd v. FCC*, 276 F.R.D. 1, 5 (D.D.C. 2011) (alteration in original) (quoting *Scott*, 598 F. Supp. 2d at 36). Thus, because Defendants had no duty to respond, their default can hardly be characterized as willful. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring a response to a complaint twenty-one days following *service*). Perhaps for that reason, when parties move to set aside a default following improper service, courts will often summarily grant that request without discussing the *Keegel* factors. *See, e.g.*, *Judd*, 276 F.R.D. at 5.

Still, Gosain argues that Defendants' default was willful by citing *Meadows v. Dominican Republic*, a case in which the Ninth Circuit refused to vacate a default judgment because the defendant "received actual notice of the complaint and intentionally declined to answer." 817 F.2d 517, 521 (9th Cir. 1987). For several reasons, Gosain's reliance on that phrase in *Meadows* does not get him far. Most obviously, there does not appear to have been any dispute in that case about whether the defendants were properly served. *See id.* at 520 ("On October 1, 1981, the United States Department of State informed the clerk of the court in writing that service had been effected on the Foreign Ministry of the Republic on September 10, 1981."). Nor does the record support the conclusion that Defendants here "received actual notice of the complaint and intentionally declined to answer" before default was entered. *Id*. at 521. Indeed, Defendants' "ineffectual attempt to file an Answer" and "the Court's directive to secure counsel," ECF No. 73 at 11—events that Gosain points to in support of this argument—happened about eight months *after* the Clerk entered default. ECF No. 45 at 15; Minute Order of May 13, 2021. So even if *Meadows* would support a finding of willfulness in some cases, it does not do so here.

5

### B. Gosain Will Not be Prejudiced if the Clerk's Entry of Default is Set Aside

Next, in weighing a claim of prejudice, the Court must "consider—not the mere fact of delay itself—but rather any effects such delay may have on the plaintiff (for example, loss of evidence or increased difficulties in obtaining discovery)." *Essroc Cement Corp. v. CTI/D.C., Inc.*, 263 F.R.D. 17, 21 (D.D.C. 2009). That bears repeating: to show prejudice, a plaintiff must point to more than simple delay. *Keegel*, 627 F.2d at 374 ("That setting aside the default would delay satisfaction of plaintiffs' claim, should plaintiffs succeed at trial, is insufficient . . . .").

Gosain has not shown that he will be prejudiced if the Clerk's entry of default is set aside. Indeed, he effectively concedes that the only prejudice he would suffer is one of delay. *See* ECF No. 73 at 12. Still, even after recognizing that "a lapse of time in and of itself would not ordinarily constitute prejudice," he argues that the Court should resist applying that rule "given the underlying circumstances and the record in this case," including that "this delay is not merely one of degree but of kind." *Id.* Whatever that means, it does not convince the Court to abandon the usual rule.[1] Gosain also argues that the delay "presents an inherent unfairness to Mr. Gosain, including the danger of loss of evidence, witnesses, and fading memories." *Id.* But because he "does not actually specify what" evidence may become unavailable if the default is set aside, "the Court is . . . unpersuaded by this assertion." *Est. of Gaither ex rel. Gaither v. District of Columbia*, 653 F. Supp. 2d 35, 43 (D.D.C. 2009).

---

[1] In advancing this argument, Gosain seems to misunderstand what counts as relevant delay. In determining whether to set aside a default, the Court must consider whether the set-aside itself, and any additional delay caused by it, "would prejudice [the] plaintiff." *Keegel*, 627 F.2d at 373. But Gosain argues that he already "has been prejudiced" by Defendants' dilatory actions that in part provide the purported basis for this case. ECF No. 73 at 12 ("Divesting an individual of a valuable investment and its proceeds for decades, as well as the opportunity cost associated with those actions, constitutes prejudice."). None of that is relevant to the Court's evaluation of whether any additional delay stemming from the set-aside will prejudice him.

### C. Defendants Have Alleged a Meritorious Defense

Finally, under the last *Keegel* factor, "allegations are considered meritorious if they contain 'even a hint of a suggestion' which, if proven at trial, would constitute a complete defense." *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 28 (D.D.C. 2003) (quoting *Keegel*, 627 F.2d at 374). This is not a high bar. For example, defendants need not show that their defenses are likely to succeed. *Keegel*, 627 F.2d at 374.

Defendants have alleged a meritorious defense. In their motion, they allege, among other things, that the Court lacks subject-matter jurisdiction under the FSIA. ECF No. 72-1 at 12–13. "The FSIA is undoubtedly a jurisdictional statute." *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 87 (D.C. Cir. 2002). As a baseline, the FSIA grants immunity to all foreign sovereigns "from the jurisdiction of both the federal and the state courts." *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 39 (D.C. Cir. 2000). A plaintiff must identify a specific statutory exception under the FSIA to defeat a foreign state's claim of sovereign immunity. *Id.* "If no exception applies, a foreign sovereign's immunity under the FSIA is complete: The district court lacks subject matter jurisdiction over the plaintiff's case." *Id.*

Gosain alleges in the complaint that "Defendants are a foreign state and its political subdivisions," triggering the FSIA. ECF No. 26 at 1. He then alleges that the Court has jurisdiction under the FSIA's waiver and expropriation exceptions. *Id.*; *see also* 28 U.S.C. § 1605(a)(1), (3). Defendants argue that neither exception applies, and Gosain appears to concede that the expropriation exception is inapt. *See* ECF No. 72-1 at 13–15; ECF No. 73 at 5–9 (making no mention of this exception). Still, Gosain contends that Defendants have waived their sovereign immunity. In so doing, he relies on a letter purportedly signed by a "Superintendent" in the "Office of the Official Liquidator," which states that "any disputes between [Gosain] and [the Office of the Official

7

Liquidator] will be settled in American Courts only" and that the Office has "no objection" to "waiv[ing] all rights to immunity that [it] may have." *See* ECF No. 73-3 at 3.

Defendants argue for several reasons that their sovereign immunity was not—and could not have been—waived by this letter. For starters, they point out that the letter was signed by a "Superintendent," who they argue lacks the authority to waive sovereign immunity, whether or not anyone else in the Office of the Liquidator has that power. ECF No. 72-1 at 14. Gosain has no response. *See* ECF No. 73. Instead, he focuses on the "*the liquidator's* authority to execute the waiver and consent to . . . jurisdiction." *Id.* at 6 (emphasis added). But if a superintendent has no power to waive sovereign immunity on behalf of the Official Liquidator, then Gosain's rejoinder is beside the point.

In any event, as noted above, the Court need not decide at this stage whether the purported waiver is valid. It is enough that Gosain's "arguments in opposition to the defendant[s'] asserted defenses . . . do not squarely foreclose [their] merits." *Acree v. Republic of Iraq*, 658 F. Supp. 2d 124, 129 (D.D.C. 2009).[2] Thus, the Court finds that Defendants have provided at least "a hint of a suggestion" of a complete defense. *Int'l Painters & Allied Trades Union & Indus. Pension Fund*, 288 F. Supp. 2d at 28 (quoting *Keegel*, 627 F.2d at 374).

## IV. Conclusion and Order

For these reasons, it is hereby **ORDERED** that Defendants' Motion to Set Aside Entry of Default, ECF No. 72, is **GRANTED**. It is further **ORDERED** that the Clerk's Entry of Default,

---

[2] To the extent Gosain argues that India's Ministry of External Affairs ratified the waiver letter by attaching an Apostille to it, *see* ECF No. 73 at 5–6, the letter itself rebuts that argument because it includes a stamp that says, "The Ministry of External Affairs accepts no responsibility for the contents of the above documents," ECF No. 73-3 at 4.

ECF No. 37, is **VACATED**.  It is further **ORDERED** that the parties shall, by December 4, 2024, file a proposed briefing schedule for Defendants' anticipated motion to dismiss.

      **SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: November 4, 2024